IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SCOTT AARON FANCHER, #935945 | § | |
| VS. | § | CIVIL ACTION NO. 9:05cv227 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be dismissed as time-barred since the petition was filed more than four years too late. The Petitioner has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Petitioner are without merit.

The Petitioner argued in his objections that the deadline for the present petition to be filed should be equitably tolled because of the unavailability of complete trial records to develop his state and federal habeas petitions, which prejudiced his ability to timely file his petition. The Fifth Circuit has held that the one year limitations period is a statute of limitations, not a bar to federal jurisdiction, thus the limitations period can be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). The basic principles of equitable tolling were discussed in *Ott v. Johnson,* 192 F.3d 510, 513-514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000):

> we recognize that the equitable tolling doctrine is to be applied only if the relevant facts present sufficiently "rare and exceptional circumstances" that would warrant application of the doctrine. We recently explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling.

1

The Fifth Circuit went on to find that there was no error in the district court's decision not to apply the doctrine of equitable tolling regarding delays associated with the Texas Court of Criminal Appeals' notification system through mailed postcards. *Id.* at 514. Other decisions by the Fifth Circuit held that inadequacies in a prison law library likewise do not provide a basis for equitable tolling. *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000).

The Petitioner argued that the deadline should be equitably tolled because of an unavailability of complete trial records to develop his state and federal habeas petitions. It is initially noted that indigent inmates are not entitled to receive a free copy of trial records for habeas corpus purposes. *United States v. MacCollom*, 426 U.S. 317 (1976); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973). State officials were not obligated to provide him with free copies of the records. Moreover, he has not shown that he needed the trial records in order to warrant equitable tolling. *See Gray v. LeBlanc*, 281 F.3d 1278 (5th Cir. 2001). Finally, he certainly has not shown that the deadline should have been equitably tolled for four years due to any delays in obtaining trial records. *Id.* The Petitioner's objections lack merit. He has not shown that the petition should not be dismissed as time-barred. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. The petition should be dismissed as time-barred. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED** this the 6 day of **February, 2006.**

_____
Thad Heartfield
United States District Judge

2